**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VERNON COLE and RAEGAN COLE, h/w, | : |
| | : |
| *Plaintiffs,* | : NO. |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| AMRESORTS, L.P., APPLE VACATIONS LLC d/b/a APPLE VACATIONS, ALG VACATIONS CORP., ALG INTEGRATED HOLDINGS CORPORATION, AMR GP HOLDINGS, LLC, APPLE LEISURE GROUP, ABC CORPORATIONS (1-50), and JOHN DOES (1-50), | : |
| | : |
| *Defendants.* | : |

**NOTICE OF REMOVAL**

Defendant, ALG Vacations Corp. (hereinafter "Removing Defendant"), by and through its counsel, Nicolson Law Group LLC, hereby removes the matter captioned: *Vernon Cole and Raegan Cole, h/w v. AMResorts, L.P., et al.*, Case ID. 260600177, from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. The grounds for the removal are stated below.

## I. NATURE OF THE CASE AND PROCEDURAL HISTORY

1. An action was commenced and is currently pending in the Philadelphia County Court of Common Pleas, Case ID: 2606001777, in which the Plaintiffs are Vernon Cole and Raegan Cole (hereinafter, "Plaintiffs") and the named Defendants are AMResorts, L.P., Apple Vacations LLC d/b/a Apple Vacations, ALG Vacations Corp., ALG Integrated Holdings Corp., AMR GP Holdings, LLC, and Apple Leisure Group (hereinafter, collectively, "Defendants"). *See* Complaint, a true and correct copy of which is attached hereto as Exhibit "A".

2. This matter arises from a May 18, 2025 incident that took place at the Dreams Playa Mujeres Golf & Spa Resort in Playa Mujeres, Quintana Roo, Mexico (hereinafter the "Subject Resort"). *Id.* at ¶¶ 13, 15.

3. Plaintiffs' Complaint alleges that they were at the Subject Resort to attend a wedding and Plaintiff Vernon Cole "stepped down from a step and/or elevated platform that was unexpectedly and unreasonably high, causing him to lose his balance and fall, resulting in serious injury to his left knee." *Id.* at ¶¶ 15-16.

4. Plaintiffs allege that, as a result of the subject incident, Mr. Cole "sustained serious and permanent injuries, including but not limited to a left quadriceps tendon rupture requiring surgical repair, immobilization, use of crutches and a brace, medical treatment, medications, and home exercises, all causing [him] to suffer severe pain and suffering, disability, loss of enjoyment of life, and other damages." *Id.* at ¶ 20.

5. It is further alleged that Mr. Cole: suffers from limited mobility and difficulty performing daily tasks; was caused to expend certain sums of money to obtain medical treatment, medication, and other modalities; suffered past, present, and future mental anguish; may be caused to expend certain sums of money ongoing and into the future to obtain medical treatment; and was caused to suffer embarrassment, pain, suffering, loss of life pleasures, and a loss of ability to engage in the activities of daily living. *Id.* at ¶¶ 21-25.

6. Plaintiffs' Complaint seeks damages "in an amount in excess of fifty thousand ($50,000.00) dollars, together with pre and post judgment interest, delay damages, and any other relief this Court determines are just under the circumstances." in *ad damnum* clause of each of the Complaint's four counts. *Id.*

7. On or around June 2, 2026, Plaintiffs instituted this action by filing a Complaint against Defendants grounded in theories of negligence and loss of consortium.

8. Plaintiffs did not serve a copy of the Complaint on Removing Defendant until July 31, 2026.

## II. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. §1332

9. The Eastern District of Pennsylvania has diversity jurisdiction over the present matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists.

10. Although no specific calculation of damages in stated in Plaintiff's Complaint, Plaintiffs note that they are seeking recovery of damages "in excess" of the Philadelphia Court of Common Pleas arbitration limit of $50,000. *Id*.

11. In addition, given that Plaintiffs allege that Defendants were responsible for an incident that resulted in the damages described in Paragraphs 4 and 5, above, it is anticipated that Plaintiffs are seeking a recovery of an amount in excess of $75,000.

12. Removing Defendant denies liability to Plaintiffs and expressly reserves the right to challenge Plaintiffs' alleged damages, but for purposes of removal to federal court, state that the amount in controversy is sufficient to satisfy the requirement for diversity-based removal. *See* 28 U.S.C. §1446(c)(2).

13. Plaintiffs state in their Complaint that Defendants all have "a principal place of business" or "registered office" located at 7 Campus Boulevard, Newtown Square, Pennsylvania 19073. *See* Exhibit "A" at ¶¶ 3-8.

14. This assertion by Plaintiffs is incorrect. As noted in the of Declaration of Brian Furgalus, Assistant Secretary for AMResorts, L.P., ALG Vacations Corp., and AMR GP Holdings, LLC – a true and correct copy of which is attached as Exhibit "B" – the principal place of business for these Defendants is not now, nor was it was the time this suit commenced, in New Jersey

(where Plaintiffs live) or Pennsylvania (the location of the state court that this matter is being removed from).

15. The principal place of business for AMResorts, L.P. and AMR GP Holdings, LLC is currently, and was at the time of the commencement of this action, located at 150 North Riverside Plaza, Chicago, Illinois 60606. *See* Exhibit "B."

16. The principal place of business for ALG Vacations Corp. (formerly known as, "ALG Integrated Holdings, Corp." and merged with "Apple Vacations, LLC" as of January 1, 2019) is now, and was at the time of the commencement of this action, located at 8969 North Port Washington Road, Milwaukee, WI 53217. *Id*.

17. Defendants are collectively citizens of **Delaware**, **Illinois**, and **Wisconsin**.

18. Most notably, Defendants are not citizens of New Jersey, which is where Plaintiffs are citizens, or Pennsylvania, the state court that this matter is being removed from.

19. Citizenship of the parties breaks down as follows:

a. Plaintiffs Vernon Cole and Raegan Cole, are now and were at the time of the commencement of this action citizens of **New Jersey**, residing at 26 Ivins Court, Aberdeen, NJ 07747.

b. Defendant, AMResorts, L.P., is a Limited Partnership that is now and was at the time of the commencement of this action deemed a citizen of **Delaware** and **Illinois** due to the citizenship of all its partners as noted below:

    i. The General Partner of AMResorts, L.P. is AMR GP Holdings, LLC. AMR GP Holdings, LLC's sole member is AMR Holdings Corp., which is now and was at the time of the commencement of this action a Delaware corporation with its principal place of business in Illinois. *See* Exhibit "B."

ii. The Limited Partner of AMResorts, L.P. is AMR Holdings Corp., which is now and was at the time of the commencement of this action a Delaware corporation with its principal place of business in Illinois. *Id.*

c. Defendant, Apple Vacations, LLC d/b/a Apple Vacations, ceased to exist as of January 1, 2019 when it was merged into Defendant, ALG Vacations Corp., whose citizenship is described below. *Id*. *see also* Certificate of Merger of Domestic Limited Liability Company into a Domestic Corporation, a true and correct copy of which is attached hereto as Exhibit "C."

d. Defendant, ALG Vacations Corp. (formerly known as "ALG Integrated Holdings Corp." and merged with "Apple Vacations, LLC" as of June 1, 2019) is now and was at the time of commencement of this action a **Delaware** corporation with its principal place of business in **Wisconsin**. *See* Exhibit "B."

e. Defendant, ALG Integrated Holdings Corp., was a Delaware corporation that changed its name to ALG Vacations Corp, a named Defendant in this matter, on August 9, 2018. *Id*.; *see also* Certificate of Amendment, a true and correct copy of which is attached hereto as Exhibit "D."

f. Defendant AMR GP Holdings, LLC, is a Limited Liability Company that is now and was at the time of commencement of this action deemed a citizen of **Delaware** and **Illinois** due to the citizenship of its sole member as noted below:

i. The sole member of AMR GP Holdings, LLC is AMR Holdings Corp., which is now and was at the time of the commencement of this action a Delaware corporation with its principal place of business in Illinois. *Id.*

g. Defendants, Apple Leisure Group is not a legal entity and, as such, has no citizenship. The name Apple Leisure Group is used to refer to a group of separate legal entities indirectly under common ownership. *See* Exhibit "B."

20. The requirements for removal – an amount in controversy over $75,000 and complete diversity between Plaintiffs and Defendants – are all present. As such, removal is proper in this case.

## III. <u>DEFENDANT, HYATT HOTELS CORPORATION, MEETS THE PROCEDURAL REQUIREMENTS FOR REMOVAL</u>

21. This Court has original jurisdiction over the action between the Plaintiffs and Defendants pursuant to the provisions of 28 U.S.C. §1332 and as a result, Removing Defendant may remove this action to this Court pursuant to the provisions of 28 U.S.C. §1441.

22. This Notice is filed with the Court within the time for removal set forth in 28 U.S.C. §1446(b) in that no more than 30 days have passed since Removing Defendant was served with Plaintiffs' Complaint on July 31, 2026.

23. The written notice of the filing of this Notice of Removal has been given to all parties in accord with 28 U.S.C. §1446(d).

12. A true and correct copy of this Notice of Removal has been filed with the Philadelphia County Court of Common Pleas, as required by 28 U.S.C. §1446(d).

WHEREFORE, Petitioner respectfully requests removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

**NICOLSON LAW GROUP LLC**

BY: Michael D. Sells
Cheryl M. Nicolson, Esquire
Attorney I.D. No. 57422
Michael D. Sells, Esquire
Attorney I.D. No. 325296
Radnor Financial Center
150 N. Radnor Chester Road, Suite E150
Radnor, PA 19087
(610) 891-0300
nicolson@nicolsonlawgroup.com
sells@nicolsonlawgroup.com
*Attorneys for Defendants*

DATE: August 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VERNON COLE and RAEGAN COLE, h/w, | : |
| | : |
| *Plaintiffs,* | : NO. |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| AMRESORTS, L.P., APPLE VACATIONS LLC d/b/a APPLE VACATIONS, ALG VACATIONS CORP., ALG INTEGRATED HOLDINGS CORPORATION, AMR GP HOLDINGS, LLC, APPLE LEISURE GROUP, ABC CORPORATIONS (1-50), and JOHN DOES (1-50), | : |
| | : |
| *Defendants.* | : |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant, ALG Vacation Corp.'s Notice of Removal was served electronically, on the date stated below, upon the following:

Evan M. Padilla, Esquire
Hannah M. Schweizer, Esquire
32 Parking Plaza, Suite 401
Ardmore, PA 19003
Attorneys for Plaintiffs

**NICOLSON LAW GROUP LLC**

BY: Michael D. Sells
Cheryl M. Nicolson, Esquire
Attorney I.D. No. 57422
Michael D. Sells, Esquire
Attorney I.D. No. 325296
nicolson@nicolsonlawgroup.com
sells@nicolsonlawgroup.com
*Attorneys for Defendants*

DATE: August 28, 2026